UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNA ELTANIKHY-MAZZARELLA,                  :
                                             :    10 Civ. 6525 (RMB) (HBP)
                         Plaintiff,          :
                                             :    **ORDER**
              -against-                      :
                                             :
MICHAEL J. ASTRUE,                           :
Commissioner of Social Security,             :
                                             :
                         Defendant.          :
------------------------------------------------------------X

**I.    Background**

On January 4, 2011, Anna Eltanikhy-Mazzarella ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Commissioner") pursuant to Section 205(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of the decision of Administrative Law Judge Jeffrey M. Jordan ("ALJ"), dated January 28, 2009, denying Plaintiff's application for disability insurance benefits. (See Compl., dated Sept. 2, 2010.) On July 9, 2010, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review. (Compl. ¶ 11.)

On January 4, 2012, United States Magistrate Judge Henry B. Pitman, to whom this matter had been referred, issued a thorough and thoughtful Report and Recommendation ("Report") recommending that the Court grant Plaintiff's motion for judgment on the pleadings, filed February 14, 2011, deny the Commissioner's cross-motion for judgment on the pleadings, filed April 8, 2011, and remand the case for further proceedings because, among other reasons, (1) the ALJ failed to adequately consider the views and recommendations of Plaintiff's treating physician and failed to provide "good reasons for declining to give [Plaintiff's] treating physician's opinion controlling weight"; (2) the ALJ "failed to incorporate [Plaintiff's] inability

to stoop" in determining her "residual functional capacity" ("RFC"); and (3) the ALJ improperly "made a determination of [P]laintiff's RFC without considering [P]laintiff's allegations of pain and resulting limitations and then used that RFC to discount [P]laintiff's non-conforming allegations and resulting limitations." (Report & Recommendation, dated Jan. 4, 2012 ("Report"), at 69, 73, 75, 80.) Neither party has filed an objection to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.     Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b). "[W]here neither party files timely objections to the magistrate judge's report and recommendation, a district court need only determine that the recommendation is not clearly erroneous or contrary to the law." Fofana v. Astrue, No. 10 Civ. 71, 2011 WL 5022817, at *1 (S.D.N.Y. Oct. 19, 2011).

## III.    Analysis

The facts and procedural history set forth in the excellent magistrate's Report are incorporated herein by reference. Having conducted a review of, among other things, the complaint, Plaintiff's motion, Defendant's motion, the administrative record, the Report, and applicable legal authorities, the Court finds that the Report is not clearly erroneous or contrary to law. Indeed, it is supported by all relevant authorities.

Judge Pitman properly concluded that the ALJ failed to apply the "treating physician rule," including the ALJ's failure to specify which portions of the treating physician's findings "were given significant weight and which were not" or give "good reasons for declining to give [Plaintiff's] treating physician's opinion controlling weight." (Report at 69, 73); see Soc. Sec.

2

Ruling 96-5p, 1996 WL 374183, at *5 (July 2, 1996); Torregrosa v. Barnhart, No. 03 Civ. 5275, 2004 WL 1905371, at *5 (E.D.N.Y. Aug. 27, 2004).

Judge Pitman properly concluded that the ALJ also failed "to make an explicit finding with respect to [P]laintiff's ability to stoop in light of her many other work-related restrictions." (Report at 77); see Molina v. Barnhart, No. 04 Civ. 3201, 2005 WL 2035959, at *8 (S.D.N.Y. Aug. 17, 2005).

And, Judge Pitman properly concluded that the ALJ must "reassess [P]laintiff's credibility" because the ALJ improperly determined Plaintiff's RFC "without considering [P]laintiff's allegations of pain and resulting limitations and then used that RFC to discount plaintiff's non-conforming allegations and resulting limitations." (Report at 80); see 20 C.F.R.§ 404.1529.

## IV. Conclusion & Order

For the reasons stated herein and therein, the Report [#11] is adopted in its entirety. Plaintiff's motion for judgment on the pleadings [#7] is granted, and Defendant's cross-motion for judgment on the pleadings [#9] is denied. The case is remanded for further proceedings consistent with the Report and this decision pursuant to 42 U.S.C.§405(g). The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       January 25, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/12
```